LOW, executor of Abraham Gulick, deceased v. JOHN PORTER.

The executor of the husband cannot maintain a suit upon a chose in action given to the wife during coverture. The husband could only have sued for it as administrator of his wife, and consequently, his executor can maintain no action upon it.

Porter, the defendant, gave to Mary Gulick, in the life time of Abraham Gulick, her husband, and during coverture, the promissory note in question. Abraham Gulick survived his wife, and then died leaving the plaintiff in certiorari, his executor. The justice before whom the suit was originally brought, gave judgment for the plaintiff. The Court of Common Pleas reversed that judgment on an appeal, and Low, the plaintiff in certiorari, now seeks to reverse the judgment of the Common Pleas.

*W. Thomson* for plaintiff in certiorari.

*Hartwell*, for defendant.

The opinion of the court was delivered by

HORNBLOWER, C. J. This case is virtually decided by what was said in delivering the judgment of the court, in *Story* v. *Baird, executor, &c. page* 262. In that case, it is true, the wife survived her husband; but if the doctrine contended for by the plaintiff's counsel, namely, that her choses in action, vest *absolutely* in the husband, then the court were wrong in much that was said on that occasion. I have felt it due to the plaintiff's counsel, to examine his authorities, and to look further into the matter. The result is a deeper conviction of the correctness of the opinion then delivered. The whole point decided in *Barlow* v. *Bishop*, 1 *East.* 432, and in 3 *Espin. nisi prius cases*, 266, was, that a married woman, during the life time of her husband, cannot by endorsement, or by any other mode of assignment, in her own name, pass away her promissory notes or other choses in action, so as to affect her husband's interest in them. It is undoubtedly true, as Lord Mansfield said in that case, that " the delivery of a note to the wife, vested the interest in the husband." By "*the interest*," his lordship undoubtedly meant the right to, and control over the wife's choses in action, which the husband has during coverture; for

so long as they both live, his right is absolute and exclusive. This is precisely what was said by Buller, justice, in *Rawlinson* v. *Stone*, 1 *Wils. Rep.* 1, also cited by the plaintiff's counsel. The question in this case is not, whether the husband has an interest in, or a title to his wife's choses in action; but whether if he does not reduce them to his own possession in her life time, or do some act equivalent thereto, they survive to him as a part of his own property, and go to his personal representatives. That they do not, is too well settled to be questioned at this day. The authorities cited in the case of *Story* v. *Baird*, are full and satisfactory on this point. Gulick, himself, after the death of his wife, could not have maintained an action on this note in his own name. He could only have sued for it as administrator of his wife, and consequently, his executor can maintain no action upon it. 4 *Petersd. tit. Bar. & Feme p.* 35, *in note.*

The judgment of the Common Pleas must be affirmed.

CITED in *Snowhill* v. *Snowhill's Exr.*, 1 *Gr. Ch.* 36.